OPINION
{¶ 1} Appellant, Jerry L. Shaw, appeals from judgments of the Franklin County Court of Common Pleas finding him guilty of two counts of sexual battery in violation of R.C. 2907.03 and revoking his community control sentence on a prior offense. Appellant was sentenced to two five-year terms of incarceration on the sexual battery counts. The court conducted a hearing as required by R.C. 2950.09, and classified appellant as a sexual predator. Additionally, when appellant committed these offenses, appellant was under non-reporting community control for a prior conviction on one count of possession of cocaine. At the time of sentencing on appellant's sexual battery convictions, appellant's community control was revoked and appellant was sentenced to ten months of incarceration. All prison terms are to run consecutively.
¶ 2 According to the state's recitation of the facts at the plea hearing, in December 1998, appellant began to live in the same household as the victim ("Jane"), who was 14 years old. Appellant was approximately 42 years old. In June 1999, appellant offered money to Jane in exchange for sex and he and Jane had sexual intercourse for the first time. Appellant and Jane thereafter had frequent sexual intercourse until September 2001. Appellant paid $10 for some of the sexual encounters. Jane gave birth to a baby daughter on March 14, 2001. Appellant stipulated to paternity of this child in connection with the present charges.
¶ 3 On January 16, 2002, appellant entered a guilty plea to possession of crack cocaine in violation of R.C. 2925.11, a felony of the fifth degree. The court imposed a period of one year of non-reporting community control. Jane reported the sexual activity while appellant was incarcerated awaiting trial on the possession of cocaine charge.
¶ 4 Appellant was indicted on one count of rape, ten counts of sexual battery, five counts of corruption of a minor, and five counts of unlawful sexual conduct with a minor. A plea agreement allowed appellant to plead guilty to two counts of sexual battery, felonies of the third degree, and the state dismissed the other charges.
 {¶ 5} Appellant advances three assignments of error:
 [I.] The trial court erred in imposing a [sic] consecutive terms of imprisonment on the charge of possessing cocaine, in violation of R.C. 2929.14(E)(4).
 [II.] The trial court erred in imposing the maximum allowable sentence of imprisonment on the charge of possessing cocaine, in violation of the presumption set forth in R.C. 2929.14(C).
 [III.] The trial court erred in finding Appellant to be a sexual predator.
 ¶ 6 In appellant's first assignment of error, appellant argues that the trial court erred in ordering that the sentence for possession of cocaine run consecutively to the sexual battery sentences. We note that appellant specifically does not contest the consecutive terms on the two sexual battery charges themselves, since these reflected the sentence jointly suggested by the defense and the state.
¶ 7 Appellant's January 16, 2002 sentence of community control was revoked August 28, 2002. Appellant appeared in the Franklin County Court of Common Pleas represented by his attorney and stipulated that he had violated his community control sanctions.
¶ 8 In a community control revocation, R.C. 2929.15(B) requires the trial court to look to the sentencing mandates of R.C. 2929.14 if a prison sentence is imposed, and set forth the reasons and findings on the record.
¶ 9 R.C. 2929.14(E)(4) authorizes the trial court to impose consecutive sentences under selected circumstances. R.C. 2929.14(E)(4) states in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *.
 ¶ 10 The trial court is required under R.C. 2929.19(B)(2) to "make a finding that gives its reasons for selecting the sentence imposed."
¶ 11 The transcript in the present case reveals that the trial court did not make the statutorily enumerated findings and give reasons, based on the facts of the case, supporting those findings and the imposition of a consecutive sentence on the cocaine possession offense. The court did develop its reasons in the subsequent sentencing entry. This court has, in a line of cases commencing with State v. Finch (Dec. 3, 1998), Franklin App. No. 98AP-145, held that both the transcript of the sentencing hearing and the language of the sentencing entry may be considered when assessing whether the trial court has complied with the sentencing statutes. Those cases, however, are no longer good law. The Ohio Supreme Court has now explicitly held that "when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. (Emphasis added.)
¶ 12 Because the trial court did not in this case make the requisite findings at the hearing, we must find pursuant to Comer that appellant's first assignment of error has merit and is sustained. The matter will be remanded to the trial court for resentencing on the cocaine possession charge.
¶ 13 In his second assignment of error, appellant argues that the trial court erred by giving appellant the maximum sentence possible for his cocaine possession conviction, in violation of the presumption set forth in R.C. 2929.14(C) that the maximum sentence should only be reserved for the worst forms of the offense. We disagree.
¶ 14 Appellant argues that the maximum sentence permitted by law for the cocaine charge was 12 months. Since the trial court imposed ten months, and he had previously served 57 days either awaiting trial or after conviction (the record is imprecise) on the cocaine charge prior to being sentenced to community control, he asserts that he has essentially been sentenced to the maximum of 12 months.
¶ 15 The record indicates to the contrary that the 57 days of jail time were repeatedly brought to the attention of the trial court and considered and credited by the trial court: "On the cocaine case, for purposes of this trial, I had to check on his jail time, and I believe he has got 57 days jail time credit from October 23 through December 19, 2001, and that should be applied to that case." (Prosecutor, responding to an inquiry by the court, Tr. at 49.) "Two hundred fifty-eight days. He had a holder on him because of the new case and 57 last year on the other case." (Tr. at 50-51.) The court then granted this specified amount of jail credit. (Tr. at 51.)
¶ 16 Therefore, appellant was not sentenced to the maximum sentence when the trial court revoked his community control sanction and imposed a ten-month sentence for his cocaine possession conviction, because he received full credit against the ten-month sentence for the prior time served on the cocaine charge. Appellant's second assignment of error is overruled.
¶ 17 In the third assignment of error, appellant argues that the trial court erred in finding that appellant should be classified as a sexual predator. We disagree.
¶ 18 R.C. 2950.01(E)(1) defines a sexual predator as a "person [who] has been convicted of or pleaded guilty to committing a sexual oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The state is required to show a future propensity to re-offend by clear and convincing evidence. R.C.2950.09(B)(3).
¶ 19 An appellate court " `must examine the record to determine whether a trier of fact has sufficient evidence before it to satisfy the clear and convincing standard.' " State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, quoting State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585. "[A] sexual predator hearing is a civil proceeding, State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353 * * * and as in any civil appeal based upon the weight of the evidence, we must also presume that the findings of the trier of fact are correct." State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223.
¶ 20 R.C. 2950.09(B)(3) sets forth the factors that must be considered:
(a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 ¶ 21 Appellant pled guilty to two counts of sexual battery, third-degree felonies. The trial court summarized the factors leading to its decision to classify appellant as a sexual predator:
 With regard to whether or not you are a sexual offender or a sexual predator, the facts that the court [is] to consider [include] your prior record. You do have a prior felony record, although none of those are sex offenses. You were in your thirties when this offense occurred, and the victim was over 13 but around 14. This went on for a period of time.
 Additionally, my understanding is that at least at this point, although you have acknowledged having intercourse with this child, that you have not voluntarily undergone or requested to participate in any programs for sex offenders; and in fact, this court has witnessed in our first attempt to taking a plea a man who seems to be very controlling, wants to be in control, and I can only imagine what happened with a young child who wasn't in a position to defend herself, and there is no such thing as consensual sex with a child, no matter how you want to characterize it.
 Mr. Shaw, there is case law which states when an individual has sex on more than one occasion, when an individual has sex with a family member, which we have here, when an individual has sex with a person over which they have custody and control, there is strong likelihood that person will re-offend. You have been convicted of two counts of sexual battery. This is one of the worst types of sexual batteries when a child is conceived.
 The court does find there is proof before the court of clear and convincing evidence that it is likely Mr. Shaw may offend in a sexual way, and, therefore, the court does find Mr. Shaw to be a sexual predator.
(Tr. at 46-47.)
¶ 22 We find that the trial court enumerated sufficient evidence to meet the clear and convincing standard necessary to determine that appellant is likely to engage in a sexually orientated offense. The trial court therefore did not err in classifying appellant as a sexual predator, and appellant's third assignment of error is overruled.
¶ 23 In summary, appellant's first assignment of error is sustained and appellant's second and third assignments of error are overruled. The judgment in case No. 02AP-1300 is affirmed, and the judgment in case No. 02AP-1301 is affirmed in part and reversed in part. The matter is remanded to the Franklin County Court of Common Pleas for resentencing in case No. 02AP-1301 only.
Judgments affirmed in part and reversed in part; cause remanded.
PETREE, P.J., and LAZARUS, J., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.